UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: 4:07-cr-213-RBH |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| EDWARD GEORGE DILLENBECK, | ) | |
| | ) | |

Pending before the court is Defendant's [Docket Entry #33] amended motion to dismiss the Indictment. On July 11, 2007, the Government filed its Response in Opposition [Docket Entry #38]. A hearing was held on Defendant's amended motion to dismiss before the undersigned on July 13, 2007. Following the hearing, on July 19, 2007, Defendant filed a Supplemental Memorandum in Support of Amended Motion to Dismiss [Docket Entry #42]. On August 10, 2007, the Government filed a Response to the Defendant's Supplemental Memorandum [Docket Entry #43]. For the reasons stated below, Defendant's amended motion to dismiss the Indictment is granted.

## Introduction

On February 28, 2007, Defendant was charged in a one count Indictment with, on or about February 15, 2007, knowingly failing to register as a sex offender after traveling in interstate commerce in violation of 18 U.S.C. § 2250(a).

Section 2250(a) specifically states:

> Whoever
>> (1) is required to register under the Sex Offender Registration and Notification Act;
>> . . .
>> (2)(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and

>   Notification Act;
>   shall be fined under this title or imprisoned not more
>   than 10 years, or both.

Section 2250 was enacted as part of the Sex Offender Registration and Notification Act ("SORNA"), which became effective on July 27, 2006.

Defendant, a sex offender who was convicted, imprisoned and released before SORNA's effective date, argues that the Indictment should be dismissed because: 1) at the time the Indictment alleges the Defendant violated SORNA, February 15, 2007, there was no federal obligation for Defendant to register as a sex offender under SORNA; 2) SORNA as applied to the Defendant is violative of the *ex post facto* clause; 3) Congress is not authorized by the commerce clause or by its tax and spend power to compel a private citizen to register with a state for a purely local offense that has no connection to interstate commerce; 4) SORNA encroaches on the states' sovereignty in violation of the 10th Amendment and Article I, Section Eight, of the Constitution; 5) SORNA violates the due process clause; and 6) SORNA violates the non-delegation doctrine.

## Discussion

The primary issue in this case is whether SORNA applied to the Defendant at the time of the alleged violation charged in the Indictment, February 15, 2007. In other words, the question is whether the Defendant, a sex offender who was convicted and released following imprisonment before July 27, 2006, the effective date of the statute, was required to register as a sex offender on February 15, 2007.

Title 42 U.S.C. § 16913 specifies the registration requirements for sex offenders under SORNA and states:

(a) In general

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

(b) Initial registration

The sex offender shall initially register–

> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>
> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

(c) Keeping the registration current

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d) Initial registration of sex offenders unable to comply with subsection (b) of this section

*The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.*

(e) State penalty for failure to comply
Each jurisdiction, other than a Federally recognized Indian

3

>tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

Pursuant to § 16913(b), a sex offender shall initially register either: 1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or 2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment. Subsection (b) sets forth initial registration requirements for two classes of sex offenders: 1) those who, <u>after</u> July 27, 2006, were convicted and sentenced for an offense giving rise to SORNA's registration requirement, regardless of whether they were imprisoned; and 2) those who, as of July 27, 2006, had not yet completed their sentence of imprisonment for the offense(s) giving rise to SORNA's registration requirement. Subsection (b) does not specify an initial registration requirement for individuals such as the Defendant in this case, sex offenders who were convicted, imprisoned and released <u>before</u> July 27, 2006.

Subsection (d) of § 16913, which applies if the sex offender is unable to comply with the initial registration requirements found in subsection (b), vests authority in the Attorney General to determine the applicability of the registration requirements to sex offenders convicted <u>before</u> July 27, 2006. Subsection (b) and (d), when read in conjunction, plainly indicate an intent by Congress to leave the decision regarding the statute's retroactive application to the Attorney General.

On February 28, 2007, the Attorney General issued an interim rule regarding SORNA's retroactive application, now codified at 28 C.F.R. § 72 (2007). Section 72.1 states the purpose

4

of the Attorney General's interim rule, which provides that:

> This part specifies the applicability of the requirements of the Sex Offender Registration and Notification Act to sex offenders convicted prior to the enactment of that Act. These requirements include registering and keeping the registration current in each jurisdiction in which a sex offender resides, is an employee, or is a student. The Attorney General has the authority to specify the applicability of the Act's requirements to sex offenders convicted prior to its enactment under sections 112(b) and 113(d) of the Act.

28 C.F.R. § 72.1. Section 72.3 states that "[t]he requirements of the Sex Offender Registration and Notification Act apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 28 C.F.R. § 72.3. The effective date of the Attorney General's interim rule was February 28, 2007. Therefore, from July 27, 2006, until February 28, 2007, SORNA did not apply to sex offenders who had been convicted before SORNA's effective date.

Defendant in this case was convicted of offenses giving rise to SORNA's registration requirement in 1986 and 1992. [Report of Investigation, Docket Entry # 23-3]. On February 15, 2007, Defendant was arrested for failing to register as a sex offender under SORNA and was indicted on February 28, 2007. Specifically, the Indictment alleges that "[o]n or about February 15, 2007, in the District of South Carolina, the defendant, Edward George Dillenbeck, a person required to register under the Sex Offender Registration and Notification Act, after traveling in interstate commerce, did knowingly fail to register and update a registration." Indictment, ¶ 4 [Docket Entry #12]. Because Defendant was convicted of an offense giving rise to SORNA's registration requirement before SORNA's effective date, Defendant's

obligation to register as a sex offender under SORNA did not exist until February 28, 2007, the date on which the Attorney General declared the statute's retroactive application.

While the Defendant may have had state obligations to register that could subject him to state prosecution on February 15, 2007, Defendant was under no federal obligation to register as a sex offender on the date of the offense alleged in the Indictment, February 15, 2007. For that reason, the Indictment must be dismissed.[1] *Accord United States v. Heriot*, Crim. No. 3:07-323, 2007 WL 2199516 (D.S.C. July 27, 2007); *United States v. Smith*, Crim No. 2:07-cr-82, 2007 WL 1725329 (S.D.W.Va. June 13, 2007); *United States v. Kapp*, 487 F. Supp. 2d 536 (M.D.Pa. 2007).

The court declines to address the remaining constitutional challenges asserted by the Defendant.

## Conclusion

For the reasons stated above, Defendant's [Docket Entry #33] amended motion to dismiss the Indictment is **GRANTED**. The Indictment [Docket Entry # 12] is hereby **DISMISSED**.

**IT IS SO ORDERED**.

Florence, SC                                         s/ R. Bryan Harwell
September 7, 2007                                    R. Bryan Harwell
                                                     United States District Judge

---

[1] This conclusion is supported by the majority of district courts that have been faced with the issue.